UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 05 2017 ★

BROOKLYN OFFICE

| UNITED STATES OF AMERICA |
| – against – |
| Sean Brabram, |
| Defendant. |

15-CR-382

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances**

**For United States:**

    Marcia M. Henry
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6393
    marcia.henry@usdoj.gov

    Michael P. Robotti
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-7576
    michael.robotti@usdoj.gov

**For Defendant:**

    Thomas F.X. Dunn
    225 Broadway
    Suite 1515
    New York, NY 10007
    212-941-9940
    ThomasDunnLaw@aol.com

## Table of Contents

I.    Introduction ...................................................................................................................1
   A.   Instant Offense.........................................................................................................1
   B.   Arrest ......................................................................................................................2
   C.   Guilty Plea ..............................................................................................................2
   D.   Sentencing Hearing.................................................................................................3
II.   Offense Level, Category, and Sentencing Guidelines Range.........................................3
III.  Law..................................................................................................................................4
IV.   18 U.S.C. § 3553(a) Considerations................................................................................5
V.    Sentence ..........................................................................................................................6
VI.   Conclusion ......................................................................................................................7

### I.   Introduction

Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin pursuant to 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). *See* Guilty Plea Transcript, April 15, 2016, ECF No. 199 ("Pleading Tr."). He participated in a drug trafficking organization ("DTO") to distribute heroin in Queens, New York. There are 11 other defendants in the above-captioned case, four of whom have been sentenced and some of whom are currently awaiting trial or sentencing.

On March 21, 2017, he was sentenced to time served of approximately 1.5 years, supervised release for three years, and a $100 special assessment. *See* Sentencing Hr'g Tr., Mar. 21, 2017 ("Sent. Hr'g").

### A.   Instant Offense

Defendant is 47 years old, born in Brooklyn, New York. Presentence Investigation Report, July 8, 2016 ("PSR") at 2. An investigation commenced by Homeland Security Investigation ("HSI") and other law enforcement agencies in 2013 revealed that Mr. Brabram, together with Kamel Lambus, Stanley Fuller, Shavona Trappier, Shakeem Powell, Tyran Trotter, Scott Williams, Tyrone Thomas, Andre Mitchell, Earl Davis, Michael Scott, and Henry Curry

("defendants"), was participating in a street gang called Paper Chasing Goons. PSR at ¶ 3. Seven of the 11 remaining defendants are awaiting trial or sentencing. The investigation revealed that the DTO maintained access to narcotics and firearms; some of its members distributed heroin to a network of drug traffickers who then sold it to customers. *Id.* at ¶¶ 3-4. Defendants sold heroin from several stash houses, and during the course of the investigation it was determined that a mobile telephone was used to distribute heroin to the DTO's customers. *Id.* at ¶¶ 4-5.

The investigation revealed that Mr. Brabram sold heroin he received from Ms. Trappier and Mr. Powell from a stash house in Queens. *Id.* at ¶ 9. During a monitored telephone call on February 23, 2015, an undercover law enforcement officer told defendant that he wanted to purchase heroin and a firearm. On February 24, 2015, defendant met the officer at a laundromat in Queens. Defendant told the officer to remain in the vehicle while he met Ms. Trappier, his supplier. *Id.* Defendant returned to the vehicle and sold the officer 100 glassine envelopes of heroin. *Id.*

On March 2, 2015, the officer contacted defendant again to buy heroin. *Id.* at ¶ 10. The officer gave defendant $680. The officer observed defendant as he handed Ms. Trappier the money and received a plastic bag that contained 100 glassine envelopes of heroin. *Id.* at ¶ 11.

**B.    Arrest**

Defendant was arrested by HSI agents on July 7, 2015. *Id.* at ¶ 8. He has remained incarcerated since that date. *Id.* at 1.

**C.    Guilty Plea**

In April 2016, Mr. Brabram pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C); Pleading Tr. The offense carries a maximum term of imprisonment of 20 years.

21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The statutory provisions impose a mandatory term of supervised release of three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

### D. Sentencing Hearing

The sentencing proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). No friend or relative appeared at the sentencing to support defendant.

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 30, with a criminal history category of IV. *See* PSR at ¶¶ 32, 42-60. The offense level was decreased by three points pursuant to U.S.S.G. § 3E.1.1(a)-(b) for defendant's acceptance of responsibility. PSR at ¶¶ 39-40. The total adjusted offense level is 27. *Id.* at ¶ 41. The parties do not object to this calculation. *See* Sent. Hr'g. The Sentencing Guidelines ("Guidelines") imprisonment range is 100 to 125 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 95.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." (footnote omitted)).

3

### III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons must be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is encouraged. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

IV.    18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Brabram was born in 1969 in Brooklyn, New York. PSR at ¶ 66. He was raised by his maternal grandparents because his mother was too young to care for him and his father was incarcerated for 15 years for an attempted murder conviction. *Id.* at ¶¶ 66-68. Mr. Brabram maintained a relationship with his mother, but he felt abandoned during his formative years because his parents could not care for him. *Id.* His parents both died of cancer. *Id.* at ¶ 66. He has five siblings, but did not grow up in the same household with them and does not maintain contact with them. *Id.* at ¶ 67.

Mr. Brabram has been in a relationship with his girlfriend since 2006 and has helped raise her children. *Id.* at ¶ 69. He lived with her until they lost their apartment in 2014. *Id.* at ¶ 72. He broke his ankle and could not work, and the couple lost their public assistance rent voucher. *Id.* His girlfriend moved to Albany with her children, and Mr. Brabram became homeless until his arrest. *Id.*

He has three children from two previous relationships. *Id.* at ¶¶ 70-71. One of his children lived with Mr. Brabram until he was 17. He is now 31 years old, and Mr. Brabram is not in touch with him. *Id.*

Mr. Brabram has had psoriasis his entire life. *Id.* at ¶¶ 75-76. He has had two heart attacks and suffers from chest pain. *Id.* at ¶ 76. He was diagnosed with bipolar disorder and depression in 2008 or 2009. *Id.* at ¶ 77. He took medication to treat these conditions until 2014 or 2015, when his Medicaid prescriptions ended. *Id.* Prior to his arrest, he purchased medication on the street and self-medicated. *Id.* at ¶ 78. He has been hospitalized twice for mental health treatment. *Id.* at ¶ 77. He has a history of auditory hallucinations: he believes that the voice he

5

hears is his deceased brother's, for whose death he feels responsible. His mother and one of his siblings also suffer from mental health illness. *Id.* at ¶ 78. According to a June 2016 Bureau of Prisons Psychological Service report, Mr. Brabram is feeling well. *Id.* at ¶ 79. He is taking medication and no longer has suicidal ideation. *Id.*

He began smoking marijuana at the age of 15 and using cocaine at the age of 17. *Id.* at ¶ 80. He used $20 to $40 worth of cocaine per day until 2001. He first ingested heroin when he was 18 years old, and used 6 to 7 bags of heroin per day until his arrest. *Id.*

Mr. Brabram left school after completing the eleventh grade because he had to work following the birth of his son. *Id.* at ¶ 84. He is trying to obtain a GED. *Id.* at ¶ 83. Prior to his arrest, he worked intermittently as a handyman, plumber, and shipping/receiving clerk. *Id.* at ¶¶ 86-89.

## V.    Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Brabram is sentenced to time-served of 1.5 years. *See* Sent. Hr'g. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed in light of the defendant's inability to pay one. *See* Sent. Hr'g; PSR at ¶ 93. Three years supervised release was ordered. *See* Sent. Hr'g. A forfeiture of $2,045 to the government was ordered, and 10% of his net wages will be garnished until the forfeiture amount has been paid. *See* Sent. Hr'g; PSR at ¶ 105.

General and specific deterrence are achieved by the sentence imposed. Mr. Brabram pled guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions.

## VI. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

*Jack B. Weinstein*
Jack B. Weinstein
Senior United States District Judge

Dated: March 24, 2017
       Brooklyn, New York